## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**HARRY GRISWOLD,**

      **Plaintiff,**

**v.**                                 **Case No:**

**SRA ASSOCIATES, LLC**,

      **Defendant.**                     **DEMAND FOR JURY TRIAL**

_____/

### PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **HARRY GRISWOLD** ("Mr. Griswold" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **SRA ASSOCIATES, LLC** ("Defendant"), and in support thereof states as follows:

### *Introduction*

1.      This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Mr. Griswold's Cellular Telephone after Mr. Griswold demanded that

Defendant stop calling his Cellular Telephone, which can reasonably be expected to harass Mr. Griswold.

## *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA and the FDCPA pursuant to 28 U.S.C. § 1331.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4.      Plaintiff, Mr. Griswold, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas  County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.      Mr. Griswold is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 727-***-7214 ("Mr. Griswold's Cellular Telephone").

6.      At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of NJ and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

### *Statements of Fact*

7.      Under information and belief, Mr. Griswold opened an account with Debt Owner that was assigned a unique account number for household purposes ("Account").

8.      Sometime thereafter, Mr. Griswold encountered financial difficulties and fell behind on his payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

9.      The Account was then sold, transferred, or assigned to Defendant for collection purposes.

10.     In or around October of 2018, Defendant began placing calls to Mr. Griswold's Cellular Telephone in attempts to collect the Debt.

11.     Mr. Griswold spoke with Defendant in early October of 2018 and demanded Defendant stop calling his Cellular Telephone.

12.     Despite Mr. Griswold's demand, Defendant continued to place calls to Mr. Griswold's Cellular Telephone in attempts to collect the Debt.

13.     Defendant has called Mr. Griswold's Cellular Telephone at least fifty (50) times during the time period from October of 2018 to the present date.

14.     Defendant called Mr. Griswold's Cellular Telephone from several different telephone numbers, including, but not limited to: 856-497-0289.

15.     All of Defendant's calls to Mr. Griswold's Cellular Telephone were placed in an attempt to collect the Debt.

16.     Defendant has harassed Mr. Griswold due to the timing and frequency of Defendant's calls.

### *Count 1: Violation of the Telephone Consumer Protection Act*

17.     Mr. Griswold re-alleges paragraphs 1-16 and incorporates the same herein by reference.

18.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

19.     Mr. Griswold revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around October of 2018 when he expressly told Defendant to stop calling him.

20.     Despite this revocation of consent, Defendant thereafter called Mr. Griswold's Cellular Telephone at least fifty (50) times.

21.     Defendant did not place any emergency calls to Mr. Griswold's Cellular Telephone.

22.     Defendant willfully and knowingly placed non-emergency calls to Mr. Griswold's Cellular Telephone.

23.     Mr. Griswold knew that Defendant called Mr. Griswold's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the

first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

24.     Mr. Griswold knew that Defendant called Mr. Griswold's Cellular Telephone using a prerecorded voice because Defendant left Mr. Griswold at least one voicemail using a prerecorded voice.

25.     Defendant used an ATDS when it placed at least one call to Mr. Griswold's Cellular Telephone.

26.     Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Griswold's Cellular Telephone.

27.     Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Griswold's Cellular Telephone.

28.     Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Griswold's Cellular Telephone.

29.     At least one call that Defendant placed to Mr. Griswold's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

30.     At least one call that Defendant placed to Mr. Griswold's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

31.     At least one call that Defendant placed to Mr. Griswold's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

32.     At least one call that Defendant placed to Mr. Griswold's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

33.     At least one call that Defendant placed to Mr. Griswold's Cellular Telephone was made using a prerecorded voice.

34.     Defendant has recorded at least one conversation with Mr. Griswold.

35.     Defendant has recorded more than one conversation with Mr. Griswold.

36.     Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Griswold, for its financial gain.

37.     Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Griswold's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

38.     The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Griswold, despite individuals like Mr. Griswold revoking any consent that Defendant believes it may have to place such calls.

39.     Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS

to individual's cellular telephones, like the calls that it placed to Mr. Griswold's Cellular Telephone.

40.     Defendant has corporate policies to abuse and harass consumers like Mr. Griswold.

41.     Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

42.     Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

43.     Defendant's phone calls harmed Mr. Griswold by causing him embarrassment.

44.     Defendant's phone calls harmed Mr. Griswold by causing him emotional distress.

45.     Defendant's phone calls harmed Mr. Griswold by causing him to lose sleep.

46.     Defendant's phone calls harmed Mr. Griswold by causing him stress.

47.     Defendant's phone calls harmed Mr. Griswold by causing him anxiety.

48.     Defendant's phone calls harmed Mr. Griswold by causing him aggravation.

49.     Defendant's phone calls harmed Mr. Griswold by being an annoyance.

50.     All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a.   Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b.   Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c.   Awarding Plaintiff costs;

    d.   Ordering an injunction preventing further wrongful contact by the Defendant; and

    e.   Any other and further relief as this Court deems just and equitable.

### <u>*Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA")*</u>

51.   Mr. Griswold re-alleges paragraphs 1-16 and incorporates the same herein by reference.

52.   Mr. Griswold is a "consumer" within the meaning of the FDCPA.

53.   The subject debt is a "consumer debt" within the meaning of the FDCPA.

54.   Defendant is a "debt collector" within the meaning of the FDCPA.

55.   Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a.   Defendant violated 15 U.S.C. § 1692c (a) continuing to place calls to Mr. Griswold's Cellular Telephone despite Mr. Griswold's demand that Defendant stop calling, which can reasonably be expected to harass Mr. Griswold.

b. Defendant violated 15 U.S.C. § 1692d (5) by causing Plaintiff's telephone to ring continuously, which can reasonably be expected to harass Mr. Griswold.

56. As a result of the above violations of the FDCPA, Mr. Griswold has been subjected to illegal collection activities for which he has been damaged.

57. Defendant's phone calls harmed Mr. Griswold by causing him embarrassment.

58. Defendant's phone calls harmed Mr. Griswold by causing him emotional distress.

59. Defendant's phone calls harmed Mr. Griswold by causing him to lose sleep.

60. Defendant's phone calls harmed Mr. Griswold by causing him stress.

61. Defendant's phone calls harmed Mr. Griswold by causing him anxiety.

62. Defendant's phone calls harmed Mr. Griswold by causing him aggravation.

63. Defendant's phone calls harmed Mr. Griswold by being an annoyance.

64. It has been necessary for Mr. Griswold to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

65. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees; and

d.  Any other and further relief as this Court deems just and equitable.

### *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

66.    Mr. Griswold re-alleges paragraphs 1-16 and incorporates the same herein by reference.

67.    Defendant violated the FCCPA.  Defendant's violations include, but are not limited to, the following:

a.  Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. Griswold's Cellular Telephone despite Mr. Griswold's demand that Defendant stop calling, which can reasonably be expected to harass Mr. Griswold.

68.    As a result of the above violations of the FCCPA, Mr. Griswold has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

69.    Defendant's phone calls harmed Mr. Griswold by causing him embarrassment.

70.    Defendant's phone calls harmed Mr. Griswold by causing him emotional distress.

71.     Defendant's phone calls harmed Mr. Griswold by causing him to lose sleep.

72.     Defendant's phone calls harmed Mr. Griswold by causing him stress.

73.     Defendant's phone calls harmed Mr. Griswold by causing him anxiety.

74.     Defendant's phone calls harmed Mr. Griswold by causing him aggravation.

75.     Defendant's phone calls harmed Mr. Griswold by being an annoyance.

76.     It has been necessary for Mr. Griswold to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

77.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.   Awarding actual damages;

c.   Awarding punitive damages;

d.   Awarding costs and attorneys' fees;

e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

f.   Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Harry Griswold, demands a trial by jury on all issues so triable.

Respectfully submitted this **March 27, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff